UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS,**<br><br>        Plaintiff,<br><br>        v.<br><br>**UNITED STATES,**<br><br>        Defendant. | Court No. 23-00189 |

## COMPLAINT

The Committee Overseeing Action for Lumber International Trade Investigations or Negotiations ("COALITION" or "Plaintiff"),[1] by and through its undersigned counsel, makes the following allegations:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff contests certain factual findings and legal conclusions in the final results issued by the U.S. Department of Commerce ("Commerce") in its 2021 administrative review of the antidumping duty ("AD") order on certain softwood lumber products from Canada. The final results of Commerce's review were published in the Federal Register as *Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty Administrative Review and*

---

[1] The COALITION is an ad hoc association whose members are: U.S. Lumber Coalition, Inc.; Collum's Lumber Products, L.L.C.; Fox Lumber Sales, Inc.; Hankins, Inc.; Pleasant River Lumber Company; PotlatchDeltic; Rex Lumber Company; S.I. Storey Lumber Co., Inc.; Stimson Lumber Company; Swanson Group; Weyerhaeuser Company; Carpenters Industrial Council; Giustina Land and Timber Company; and Sullivan Forestry Consultants, Inc.

*Final Determination of No Shipments; 2021*, 88 Fed. Reg. 50,106 (Dep't Commerce Aug. 1, 2023) ("*Final Results*").  *See also Certain Softwood Lumber Products from Canada: Amended Final Results of Antidumping Duty Administrative Review in Part; 2021*, 88 Fed. Reg. 61,511 (Dep't Commerce Sept. 7, 2023) ("*Amended Final Results*") (amending the *Final Results* to correct for a ministerial error raised by the COALITION).  The factual findings and legal conclusions of the contested determination were set out primarily in accompanying the *Issues and Decision Memorandum for the Final Results of the 2021 Administrative Review*, Case No. A-122-857 (July 26, 2023) ("IDM").

## JURISDICTION

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c), which confers upon the U.S. Court of International Trade exclusive jurisdiction to review final AD determinations issued by Commerce under 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii).

## STANDING OF PLAINTIFF

3.     Plaintiff is "an association, a majority of whose members is composed of interested parties described in subparagraph (C), (D), or (E) with respect to a domestic like product" and is, therefore, an interested party as defined by 19 U.S.C. § 1677(9)(F) and 19 U.S.C. § 1516a(f)(3).  Specifically, ten of the COALITION's fourteen members—Collum's Lumber Products, L.L.C., Fox Lumber Sales, Inc., Hankins, Inc., Pleasant River Lumber Company, PotlachDeltic, Rex Lumber Company, S.I. Storey Lumber Co., Inc., Stimson Lumber Company, Swanson Group, and Weyerhaeuser Company—are each "a manufacturer, producer, or wholesaler in the United States of a domestic like product." 19 U.S.C. § 1677(9)(C).  An eleventh member—the Carpenters Industrial Council—is a "recognized union . . . which is

representative of an industry engaged in the manufacture, production, or wholesale in the United States of a domestic like product." 19 U.S.C. § 1677(9)(D).  Additionally, the COALITION actively participated in the administrative proceeding that is the subject of this appeal through numerous submissions, including case and rebuttal briefs.  Accordingly, the COALITION has standing pursuant to 19 U.S.C. § 1516a(d) to commence this action pursuant to 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

4. Commerce published the *Final Results* in the Federal Register on August 1, 2023. *See Final Results*, 88 Fed. Reg. at 50,106.  This action was commenced today, September 8, 2023, with the filing of the summons.  *See* ECF No. 1.  Because this appeal concerns merchandise from Canada, a free trade area country, the thirty-day period to commence an action in the United States Court of International Trade does not begin to run until "the 31st day after the date on which notice of the determination is published in the Federal Register."  19 U.S.C. § 1516a(a)(5)(A).  Accordingly, this action was commenced within the statutory time limits prescribed in 19 U.S.C. § 1516a(a)(5)(A) and 28 U.S.C. § 2636(c).

## BACKGROUND

5. In January 2018, Commerce published an antidumping duty order on certain softwood lumber products from Canada.  *See Certain Softwood Lumber Products From Canada: Antidumping Duty Order and Partial Amended Final Determination*, 83 Fed. Reg. 350 (Dep't Commerce Jan. 3, 2018).

6. On January 11, 2022, Commerce published in the Federal Register a notice of opportunity to request an administrative review of the AD order on softwood lumber from Canada.  *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation;*

3

*Opportunity To Request Administrative Review and Join Annual Inquiry Service List*, 87 Fed. Reg. 1,396 (Dep't Commerce Jan. 11, 2022).[2]

7. Commerce initiated the fourth administrative review of the antidumping duty order for the period of January 1, 2021 through December 31, 2021 (the "POR") on March 4, 2022. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 13,252 (Dep't Commerce Mar. 9, 2022). Commerce's review covered over 290 companies. *See id.*, at 13,254-58.

8. On April 29, 2022, Commerce limited the number of respondents for which the agency will determine individual weighted-average dumping margins to the two largest Canadian exporters/producers—Canfor Corporation ("Canfor") and West Fraser Mills Ltd. ("West Fraser") (collectively, the "mandatory respondents"). *See Certain Softwood Lumber Products From Canada: Preliminary Results of Antidumping Duty Administrative Review*, 88 Fed. Reg. 5,306 (Dep't Commerce Jan. 27, 2023) ("*Preliminary Results*").

9. On January 27, 2023, Commerce published in the Federal Register the preliminary results of the agency's administrative review, in which it determined a preliminary dumping margin of 5.25 percent for Canfor and 6.90 percent for West Fraser. *Preliminary Results*, 88 Fed. Reg. at 5,306. The non-selected companies under review were assigned a

---

[2] The January 11th Federal Register notice corrected an earlier notice that was "missing text and tables." *Compare Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity To Request Administrative Review and Join Annual Inquiry Service List*, 87 Fed. Reg. 1,396 (Dep't Commerce Jan. 11, 2022) (including table of orders and suspension agreements with anniversary dates in January), *with Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity To Request Administrative Review and Join Annual Inquiry Service List*, 87 Fed. Reg. 75 (Dep't Commerce Jan. 3, 2022) (omitting table).

weighted-average dumping margin of 6.05 percent based on the margins calculated for Canfor and West Fraser.  *Id.*, at 5,306-07.

10.     Following the *Preliminary Results*, the COALITION and other interested parties submitted case and rebuttal briefs.  Petitioner's case brief argued, in part, that Commerce should: (1) deduct countervailing duty costs from the price used to establish export price and constructed export price (i.e., U.S. price); and (2) revise Canfor's general and administrative ("G&A") expense ratio.  *See* Letter from Picard Kentz & Rowe LLP to Commerce, "Case Brief On Behalf of the Committee Overseeing Action for Lumber International Trade Investigations or Negotiations" (Feb. 27, 2023).

11.     On August 1, 2023, Commerce published the *Final Results* of its administrative review in the Federal Register.  In the *Final Results*, Commerce declined to remove from U.S. price all "additional costs, charges, or expenses, and United States import duties," *see* 19 U.S.C. § 1677a(c)(2)(A), incurred bringing subject merchandise from Canada to the place of delivery in the United States.  IDM at Comment 8.  Commerce also rejected the COALITION's arguments regarding revisions to the calculation of Canfor's G&A expense ratio, and continued to rely on the G&A expense ratio calculated in the *Preliminary Results*.  *Id.* at Comment 15.

12.     Commerce calculated final dumping margins of 5.25 percent for Canfor and 6.96 percent for West Fraser.  *Final Results*, 88 Fed. Reg. at 50,107.  Based on these two calculated margins, a 6.20 percent margin was assigned to the non-individually reviewed companies.  *Id.*

13.     On September 7, 2023, Commerce published a correction to the *Final Results* in response to ministerial error comments filed by the COALITION.  *Amended Final Results*, 88 Fed. Reg. at 61,511.  As a result of these corrections, the weighted-average dumping margin

for West Fraser was revised from 6.96 to 7.06 percent and the non-selected companies' margin was revised from 6.20 to 6.26 percent.  *Id.*

## STATEMENT OF CLAIMS AND BASIS FOR RELIEF

14. The COALITION alleges that the following factual findings and legal conclusions made by Commerce in the *Final Results* are unsupported by substantial evidence on the record or otherwise not in accordance with law.

### Count One

15. Plaintiff incorporates the allegations contained in paragraphs 1 through 14 by reference as fully set forth herein.

16. In determining whether merchandise is being sold at less than fair value, Commerce is directed to make "a fair comparison . . . between the export price or constructed export price and normal value." 19 U.S.C. § 1677b(a).  To ensure that this comparison is made at a common point in the chain of commerce, Commerce makes adjustments for costs that are reflected on only one side of the comparison between U.S. price and normal value.  *See* 19 U.S.C. §§ 1677a(c)-(d) (adjustments to U.S. price); 19 U.S.C. § 1677b(a)(6) (adjustments to normal value).  In the *Final Results*, Commerce did not remove countervailing duty costs from the prices used to establish export price and constructed export price.  IDM at Comment 8.  By failing to remove these costs from U.S. price, Commerce's comparison was distorted and failed to calculate a dumping margin that fully offset the amount of dumping that occurred during the POR.  Therefore, Commerce's calculation of export price and constructed export price was not supported by substantial evidence and is otherwise not in accordance with law.

**Count Two**

17. Plaintiff incorporates the allegations contained in paragraphs 1 through 16 by reference as fully set forth herein.

18. Commerce includes in the cost of production ("COP") "an amount for selling, general, and administrative expenses based on actual data pertaining to production and sales of the foreign like product." 19 U.S.C. § 1677b(B)(3)(B). In calculating Canfor's COP, Commerce relied on the G&A expense ratio reported by the company. *See Decision Memorandum for the Preliminary Results of the 2021 Antidumping Duty Administrative Review of Certain Softwood Lumber Products from Canada*, Case No. A-122-857 (Jan. 23, 2023), at 15. Canfor calculated this G&A expense ratio based on the fictional "CFP Legal" entity, which Canfor describes as Canfor Corporation less Canfor Pulp Products Inc. *See* IDM at Comment 15. This G&A expense ratio did not reasonably reflect the G&A costs related to the production of the merchandise under review because it was based on the constructed financial information of "CFP Legal." Commerce should have calculated the G&A expense ratio using the financial information of Canadian Forest Products Ltd. ("CFP"), the actual operating entity within Canfor Corporation responsible for the production of softwood lumber in Canada, because CFP's G&A expenses actually relate to the production of the merchandise under review. Commerce's decision to rely on the G&A expense ratio reported by Canfor was not supported by substantial evidence and is otherwise not in accordance with law.

**DEMAND FOR JUDGMENT**

WHEREFORE, the COALITION respectfully requests that this Court:

1) Hold and declare that the aspects of Commerce's *Final Results* described herein are unsupported by substantial evidence on the record, or are otherwise not in accordance with law;

2)      Remand this matter to Commerce for reconsideration and disposition consistent with this Court's decision; and

3)      Grant the COALITION such additional relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Zachary J. Walker*

Andrew W. Kentz
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
1750 K Street, NW
Suite 800
Washington, DC 20006
(202) 888-0595

*Counsel to the COALITION*

Dated: September 8, 2023